```
               IN THE UNITED STATES DISTRICT COURT
                           FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA


TYRON BURGESS,                      :
                                    :
         Petitioner                 :
                                    :
    v.                              :   CIVIL NO. 3:CV-15-1164
                                    :
DAVID EBBERT, WARDEN,               :   (Judge Conaboy)
                                    :
         Respondent                 :
```
_____

# MEMORANDUM
## Background

Tyron Burgess filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Federal Prison Camp, Lewisburg, Pennsylvania (FPC-Lewisburg). Named as Respondent is FPC-Lewisburg Warden David Ebbert. Service of the petition was previously ordered.

Burgess' pending action does not challenge the legality of his underlying federal criminal conviction and sentence. Rather, Petitioner claims entitlement to federal habeas corpus relief on the basis that the Federal Bureau of Prisons (BOP) failed to provide him with credit against his federal sentence for all time spent in custody.

Petitioner states that he was arrested in the State of Delaware on October 19, 2011 for crimes which eventually led to

1

both federal and state criminal prosecutions.[1] The next day he was released on bond. On March 24, 2012, Burgess was arrested in New York City on a charge of possession of a controlled substance. Petitioner remained in custody in New York City until May 22, 2012 when he was transferred to Westchester County, New York to face another criminal charge.

On June 5, 2012, he was sentenced to time served on the Westchester County charge. However, Petitioner remained in custody pursuant to a detainer issued by the State of Delaware and was subsequently released to the custody of Delaware on June 19, 2012. Thereafter, some of his state charges were nolle prossed and Petitioner was released on bond with respect to the remaining state charges.

On June 25, 2012, Petitioner was arrested in Tuchahoe County, New York. Burgess was released on bail that same day. Petitioner was rearrested in New York on October 4, 2012. On March 19, 2013, Petitioner was sentenced to a 9 month term of imprisonment on the Tuckahoe County charge with credit for time served.

Burgess completed that sentence on March 29, 2013 but remained confined pursuant to a detainer stemming from his aforementioned New York City charge. Petitioner was transferred

---

[1] Some of Petitioner Delaware state charges were later nolle prossed in favor of a federal prosecution.

to New York City on April 5, 2013.  On July 10, 2013, Petitioner was sentenced to a one year term on the New York City charge. He completed service of that sentence on July 18, 2013 but was held on a Delaware detainer.

On August 8, 2013, Burgess was returned to the custody of Delaware state officials.  He was released on bail on August 12, 2013.  Petitioner was arrested by the United States Marshal's Service on September 9, 2013 and released on bond that same day. He was sentenced in the United States District Court for the District of Delaware on October 21, 2014.

Petitioner's pending action seeks credit against his federal sentence for jail time from March 24, 2012 through May 22, 2012 and from June 4, 2013 to July 18, 2013, a total of 104 days.  It is noted that the BOP did provide Petitioner with credit against his federal sentence for time spent incarcerated between: October 19, 2011 to October 20, 2011; June 6, 2012 to June 19, 2012; July 19, 2013 to August 12, 2013; and September 9, 2013.

On November 22, 2016, Respondent filed a "Suggestion of Mootness" stating that Burgess was released from BOP custody on November 10, 2016.[2]  See Doc. 17, p. 2.  Consequently,

---

[2] Following completion of the BOP's drug abuse treatment program, Petitioner was given a one year reduction in his sentence. The BOP also awarded him credit

Respondent seeks dismissal of the petition since the only habeas corpus issue raised by Petitioner is moot.

## **Discussion**

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriquez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Since Burgess' claim of improper sentence calculation by the BOP conceivably impacted the length of his imprisonment, this matter was properly raised under § 2241.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be

4

threatened with actual injury caused by the defendant.  Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As explained in Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. Feb. 18, 2009). in the context of a habeas corpus challenge to the execution of a sentence under 28 U.S.C. § 2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." Id.  However, once the petitioner has been released, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." Id.  See also United States v. Jackson, 523 F.3d 234, 241 (3d Cir. 2008).

Burgess' sole claim asserts that he was improperly denied 104 days of sentence credit time. Respondent has notified the Court that Petitioner was released from BOP custody on November 10, 2016. The record indicates that Petitioner was also sentenced to a three year period of supervised release.

The Supreme Court in Spencer v. Kemna, 523 U.S. 1, 7 (1998), held that release of a petitioner from custody on a parole violator term deprived federal courts of the power to act. Significantly, the Court found that there were no "collateral consequences" remaining after expiration of the parole violator term sufficient to animate the matter with a case or controversy capable of concrete redress, explaining that federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Id. at 18. See also Vela v. Zickefoose, Civ. No. 3:14-2138, 2016 WL 1238039 * 6 (M.D. Pa. Feb. 22, 2016)(a habeas claim regarding sentence credit calculation mooted where petitioner released from sentence he is serving). Williams v. Sherman, 214 Fed. Appx. 264, 266 (3d Cir. 2007)(a term of supervised release cannot be reduced by reason of excess time served in prison).[3]

---

[3] Once a petitioner is released from confinement and begins service of a period of supervised release that period of supervised release runs for the period ordered by the sentencing court.

Petitioner has not shown that he is suffering any collateral consequences as required under <u>Spencer</u>, <u>Vela</u>, and <u>Williams</u> stemming from the alleged prior failure of federal officials to properly compute his sentence  As noted in <u>Williams</u>, the type of habeas claim asserted herein is mooted once a federal inmate is released from imprisonment.

Since Burgess was released from federal custody on November 10, 2016, under the principles set forth in <u>Steffel</u>, his sole claim of improper sentence calculation is subject to dismissal as moot since it no longer presents an existing case or controversy.  An appropriate Order will enter.


<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge

DATED: DECEMBER 2, 2016